133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Federico GONZALEZ, Plaintiff-Appellant,
v.
K.W. PRUNTY; Bobbie L. Reed, Ph.D; S. Huerta-Turner; J.
Cueva; G.R. Trujillo; J.A. Ford; J.M. Ortega;
P.E. Tingey; Speer, Sgt., Defendants-Appellees.
 No. 97-55718.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 20, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federico Gonzalez, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm in part, reverse in part, and remand.
 
 
 3
 In his amended complaint, Gonzalez alleged that defendant Cueva conditioned family visits upon Gonzalez's evaluation by a prison psychiatrist and that defendant Speer interferred with his scheduled appointment with the psychiatrist. Gonzalez further alleged that prison officials engaged in retaliatory cell searches. In addition, Gonzalez alleged that prison officials denied him due process when they found him guilty of trafficking in narcotics, revoked 150 days of good-time credits, and imposed disciplinary segregation in the Special Housing Unit ("SHU") for nine months which prevented him from visitation with his family. Gonzalez also alleged that these narcotics charges were brought by defendants Ford and Ortega in retaliation for Gonzalez's appeals regarding denial of family visits.
 
 
 4
 On appeal, Gonzalez contends that the district court erred by dismissing his retaliation claims against defendants Cueva and Speer. To establish a claim of retaliation, a prisoner must allege "that the retaliatory action does not advance legitimate penological goals," see id., and provide sufficient facts to establish a link between the exercise of constitutional rights and the allegedly retaliatory action, see Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995). After being informed of these requirements, Gonzalez again failed to plead sufficient facts. Accordingly, the district court did not err by dismissing these claims of retaliation. See Barnett, 31 F.3d at 816.
 
 
 5
 Gonzalez also contends that the district court erred by dismissing his due process claim. To establish a violation of the Due Process Clause, Gonzalez must allege that a state law or regulation mandated certain conduct by prison officials and that violation of this law or regulation amounted to an atypical and significant deprivation. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Woratzeck v. Arizona Bd. of Executive Clemency, 117 F.3d 400, 403-04 (9th Cir.1997) (per curiam). According to the allegations of Gonzalez's complaint, his good-time credits were restored when the disciplinary charges were dismissed after internal appeals. After being informed of the requirements under Sandin, Gonzalez failed to allege any facts in his amended complaint establishing that conditions in the SHU differed in any significant way from conditions in general population. Finally, prison regulations explicitly state that visitation is a privilege. See Cal.Code Regs. tit. 15, § 3174(e) (1996). Accordingly, the district court did not err by dismissing Gonzalez's due process claim. See Sandin, 515 U.S. at 483-84; Woratzeck, 117 F.3d at 403-04.
 
 
 6
 Finally, Gonzalez contends that the district court erred by dismissing his retaliation claim against defendants Ford and Ortega based on their use of allegedly unreliable confidential information when charging Gonzalez with trafficking in narcotics. Generally, preserving institutional order is a legitimate penological interest sufficient to defeat a retaliation claim. See Barnett, 31 F.3d at 816. Moreover, prison officials may, under certain circumstances, rely on confidential informants when bringing disciplinary charges. See Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987). Where a prisoner alleges that the disciplinary charges are false and retaliatory, however, prison officials must have more than "some evidence" to support the challenged disciplinary charges. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir.1997). Here, the only evidence in the record that Gonzalez trafficked in narcotics is the allegedly unreliable confidential information. At most, therefore, prison officials only have "some evidence" that their conduct served the legitimate penological interest of preserving order. Because Gonzalez successfully challenged the reliability of that confidential information in internal appeals and alleged that the disciplinary charges were false, the district court erred by dismissing his retaliation claim against Ford and Ortega. See id. Accordingly, we reverse the district court's dismissal of this claim and remand for further proceedings.
 
 
 7
 Each party shall bear its own costs on appeal.
 
 
 8
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3